IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATECIA MIX, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4553 |
| | § | |
| PRIMSTONE, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Latecia Mix ("Plaintiff") files this Original Complaint against Primstone, LLC ("Defendant") showing the Court as follows:

## SUMMARY

1.      Plaintiff worked for Defendant as an accounts payable clerk.  Plaintiff was deprived overtime compensation from Defendant despite being non-exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*.  Plaintiff was paid straight-time wages for overtime hours and was not paid an overtime premium.  When Plaintiff brought this to Defendant's attention, Plaintiff was terminated for complaining.  Plaintiff brings this suit to recover what she is owed under the law.

## THE PARTIES AND JURISDICTION

2.      Plaintiff Latecia Mix is a natural person residing within the confines of the Southern District of Texas.  Plaintiff has standing to file this lawsuit.

3.      Defendant Primstone, LLC is a Texas limited liability company with its principal place of business in Houston, Texas.  It may be served with process through its registered agent, Mahran S. Yousseff, at its registered address, 13636 Reeveston Road, Houston, TX 77039.

4.      The Court has personal jurisdiction over Defendant based on general jurisdiction. At all relevant times, Defendant has done business in the State of Texas.

5.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically pursuant to the FLSA.

6.      Venue is appropriate under 29 U.S.C. § 1391(b)(2) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## FACTUAL AND LEGAL BACKGROUND

7.      Defendant is in the business of material installation and construction in homes. Plaintiff was employed by Defendant as an accounts payable clerk for Legend Homes, Defendant's largest account at the time.

8.      Plaintiff was never paid on a salary basis or with a minimum guarantee.

9.      Plaintiff worked overtime hours and these hours were recorded and included on her pay stubs; however, Plaintiff was not paid an overtime premium for overtime hours.  Instead, Plaintiff was paid straight-time wages for hours worked over 40 in a workweek.

10.     On September 27, 2019, Plaintiff noticed that she did not receive any overtime pay even though she worked overtime hours.  She brought this to the attention of Charles Yousseff, her boss.  He became agitated and called in Roxanne Deleon, who handles accounts for Defendant.

11.     On October 11, 2019, Plaintiff received her second check.  Again, she did not receive overtime pay for overtime hours worked.  She again reported this, speaking directly to Roxanne Deleon this time.  Plaintiff was told she would be switched to salary.  In the meantime, a job posting was posted on the job search platform, Indeed, advertising an opening at her position.

12.     On October 14, 2019, Plaintiff was called in to meet with Charles Yousseff and Freddy Hernandez, another supervisor.  Plaintiff was told by Mr. Yousseff that he did not

appreciate her stepping on his toes while bringing the overtime issue to his attention.  He reminded her that Texas is an at-will employment state.  She was formally terminated the next day on October 15, 2019.

### FLSA CLAIM OF FAILURE TO PAY OVERTIME WAGES

13.     The preceding paragraphs of this complaint are incorporated herein.

14.     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq.*

15.     The FLSA generally requires that an employer employing a non-exempt employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate.  *See* 29 U.S.C. § 207(a)(1).

16.     At all material times, Plaintiff was an employee of Defendant for purposes of the FLSA.  29 U.S.C. § 203(e).

17.     At all material times, Defendant was an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

18.     At all material times, Plaintiff was not paid a salary, did not receive a guaranteed minimum, and was non-exempt under the FLSA.

19.     At all material times, Plaintiff worked in excess of 40 hours per seven-day workweek and Defendant knew or should have known that to be true.

20.     At all material times, Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

21.     Defendant failed to pay Plaintiff overtime compensation for hours worked over 40 in a seven-day workweek.

22.     Accordingly, Plaintiff seeks back pay of her unpaid overtime compensation.

23.     Plaintiff is entitled to liquidated damages.  An employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

24.     Plaintiff is also entitled to court costs and reasonable attorney's fees.  The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant . . . ."  *See* 29 U.S.C. § 216(b).  *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## FLSA CLAIM OF RETALIATION

25.     The preceding paragraphs of this complaint are incorporated herein.

26.     The FLSA prohibits all forms of retaliation, providing that it is unlawful to "discharge or in any other manner discriminate against any employee" for invoking her rights under the law.  29 U.S.C. § 215(a)(3).  Consistent with the aim of the FLSA, courts have broadly interpreted Section 215(a)(3) to protect activities beyond those expressly enumerated.  The United States Supreme Court has held that an informal complaint – even an oral complaint – about not receiving overtime pay is protected activity.  *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329 (2011) ("We must decide whether the statutory term 'filed any complaint' includes oral as well as written complaints within its scope.  We conclude that it does.").  *See also Laird v. Chamber of Commerce*, 4 WH Cases2d 1629 (E.D. La. 1998) (holding that an employee who made an informal complaint to her employer was protected, even though she was discharged before she could file her complaint).

27.     The employee is not required to be engaged in activities covered by the FLSA's minimum wage and overtime provisions.  *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550 (6th

Cir. 1943).  Even if an employer's pay practices do not violate the FLSA, the employer can be held liable for retaliation against an employee who merely believes the employer's practices violate the FLSA and complains.  *Darveau v. Detecon, Inc.*, 515 F.3d 334, 338 (4th Cir. 2008) (employee's complaint regarding not being paid overtime was protected from retaliation by 29 U.S.C. §215(a)(3) even though ultimately the courts rejected it); *Sapperstein v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999) ("[Plaintiff] was therefore protected from retaliation whether or not the conduct he reported was a violation of those laws.").

28.     Where a motivating factor in the termination is an employee's assertion of rights under the FLSA, the termination is discriminatory whether or not other grounds for termination exist.  To make a *prima facie* case of retaliatory discharge, a plaintiff must make a showing of (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action.  *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008).

29.     Close temporal proximity between a complaint and termination can be used to prove the aforementioned causal link.  *See, e.g., Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2011 WL 486289, at *10 (S.D. Tex. Feb. 7, 2011) (Rosenthal, J.) (noting that "the Fifth Circuit has found temporal proximity of up to four months sufficient to show a causal link.") (citing *Stroud v. BMC Software, Inc.*, No. 07–20779, 2008 WL 2325639 (5th Cir. June 6, 2008) (finding that a three-week lapse between protected activity and adverse employment action was sufficient to show a causal link); *Richard v. Cingular Wireless LLC*, 233 Fed. Appx. 334, 338 (5th Cir. Apr. 13, 2007) (concluding that two-and-one-half months is short enough to support an inference of a causal link); *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005) (finding that a period of less than sixty days was sufficiently close to establish a causal link for a *prima facie* case of

retaliation); *Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 708 (5th Cir. Jan. 21, 2004) (unpublished) (finding a fifteen-day period sufficient to support an inference of causation); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001) (observing that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes" (internal citations omitted)).

30.     There is also personal liability under the FLSA, which defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).  An FLSA "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).  This means that corporate officials and supervisors may also be sued individually and held liable, in addition to the employer entity.

31.     Under the FLSA, employers are generally required to pay employees time and one-half times their regular rate for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1). Plaintiff correctly informed Defendant that she qualified to receive overtime under the FLSA.

32.     When an employee brings to her employer's attention an issue regarding her pay that translates to an alleged violation of the FLSA, that employee is protected from retaliation by law.  Specifically, the FLSA's anti-retaliation provision provides that it is unlawful "for any person" to "discharge or in any other manner discriminate against any employee" for engaging in protected activity.  29 U.S.C. § 215(a)(3).

33.     Defendant became agitated when receiving the complaint from Plaintiff and then, days later, terminated her for stepping on his toes.  Defendant's actions amount to a clear violation of the FLSA anti-retaliation provision.

34.     Under the FLSA, "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

35.     Plaintiff is entitled to reinstatement or front pay, back pay, and liquidated damages. *See* 29 U.S.C. § 216(b); *Little v. Technical Specialty Products LLC*, NO. 4:11-CV-717, 2013 WL 5755363, at *5 (E.D. Tex. Oct 23, 2013) (awarding liquidated damages to the plaintiff in an FLSA retaliation case). Doubling an award (liquidated damages) is the norm under the FLSA and the court's discretion "must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). Compensatory damages and reinstatement or front-pay are also permitted for a retaliation claim under the FLSA. *See, e.g., Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013) (finding that the FLSA's anti-retaliation provision allows for an award of compensatory damages for emotional distress and also permits an award of reinstatement or front-pay where it is appropriate).

36.     Finally, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Products Co., Inc*., 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00). Plaintiff seeks such reasonable fees and costs.

## **DAMAGES AND PRAYER**

Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and

that Plaintiffs be awarded a judgment against Defendant for the following:

a.  Actual damages in the amount of unpaid wages;

b.  Back pay;

c.  Front pay or reinstatement;

d.  Liquidated damages under the FLSA;

e.  Pre-judgment and post-judgment interest;

f.  Court costs;

g.  Reasonable attorneys' fees; and

h.  All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

By:  s/ Ahad Khan
Ahad Khan
State Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF